UNION COUNTY CIRCUIT COURT.

THE ELIZABETH GENERAL HOSPITAL AND DISPENSARY, A CORPORATION, PLAINTIFF, v. LOUIS P. LONGO-BARDI, DEFENDANT.

Decided March 4, 1933.

For the plaintiff, *John F. Ryan.*

For the defendant, *Louis P. Longobardi, pro se.*

JAYNE, C. C. J. The controversial questions debated by counsel in the above entitled action have been submitted in a very informal manner to me for determination. The stipulation into which the parties have entered is not comprehensive of all of the essential facts alleged in the complaint, but reading the stipulation and briefs delivered to me, I assume that it is desired that I shall, in deciding the legal questions, accept as true, all of the allegations of fact contained in the complaint, together with the known fact that the defendant is a practicing attorney of this state and was so engaged in the practice of his profession at the time of the occurrence with which I am concerned. With this asumption, I conclude that on or about December 13th, 1930, one Vincenzo Augustino suffered bodily injury as a proximate result of the negligent operation of an automobile by one Frederick O. Stillman. The injuries sustained by Augustino were such that he was taken to the hospital conducted by the plaintiff, where he

remained under care and treatment for a period of two hundred and five days.

On April 17th, 1931, there was filed in behalf of the plaintiff in the office of the clerk of the county of Union, a written notice pursuant to chapter 72 of the laws of 1930 as amended by chapter 158 of the laws of 1930. On some date subsequent to the occurrence of the automobile accident, of which I am uninformed, Augustino engaged the defendant to represent him as an attorney in the recovery of damages from Stillman in compensation for the personal injuries so sustained by Augustino. It seems apparent that the defendant was retained for this service upon a contingent basis, that is, with the understanding that his fee for his professional services would be dependent upon the recovery of damages and would be paid out of the damages so recovered. Stillman appears to have been protected by insurance against liability for injuries caused by the operation of his automobile, and the defendant communicated in behalf of his client, Augustino, with the insurance carrier, and ultimately negotiated a settlement of the claim of his client in the amount of $3,000. Copies of letters addressed by the defendant to the representatives of the insurance company under dates of August 27th, 1931, and September 24th, 1931, disclose by their contents that the defendant was fully aware of the indebtedness of his client to the plaintiff. In these communications, the defendant represents to the insurance carrier that the hospital bills at that time amount to approximately $700. On or about October 16th, 1931, the defendant received a draft on the Home Indemnity Company of New York in the sum of $3,000 payable to the defendant and to Vincenzo Augustino, his client, in settlement of the alleged liability of Frederick O. Stillman. The defendant collected the proceeds of the draft and paid to his client therefrom $2,400 retaining $600 of the proceeds of this draft in payment of his professional services. The indebtedness due the plaintiff for hospital care and treatment of Augustino remained unpaid after this distribution of the proceeds of the settlement, and the plaintiff

thereafter recovered judgment against Augustino for the amount of such indebtedness, but the plaintiff, having exhausted every reasonable effort, has been unable to recover more than $20 of this indebtedness from Augustino. In this situation, the representatives of the plaintiff have ascertained that the defendant retained the sum of $600 from the proceeds of the settlement, and thus a claim is made in behalf of the plaintiff that the proceeds of the settlement become, by virtue of the legislation to which I have referred and the filing of the requisite notice thereunder, subject to the lien thereon of the plaintiff for the recovery at least *pro tanto* of its indebtedness. A friendly action is thereupon instituted by the plaintiff against the defendant for the quite apparent purpose of requiring a judicial determination of the legal efficacy of the plaintiff's lien upon the part of the proceeds of settlement so retained by the defendant.

Section 2 of chapter 72 of the laws of 1930, apparently unchanged by chapter 158 of the laws of 1930, expressly provides that the lien of any such hospital shall attach   \*   \*   \* to the proceeds of any settlement thereof or the settlement of any such claim or demand affected by any such injured person with any other person or corporation whose negligence is claimed or alleged to have been the cause of the said accident or affected with any other person or corporation on account thereof. It is conceded that the plaintiff is an hospital comprehended by the provisions of this statute, and that Augustino was admitted to and received treatment, care and maintenance in the plaintiff's hospital on account of the injuries received in the automobile accident. The filing of the requisite notice of lien pursuant to the statute is not in dispute. No suit or action was instituted by the defendant in behalf of his client. The defendant had actual and constructive notice of the indebtedness due the plaintiff at the time he became possessed of the proceeds of the settlement. He argues that he has a common law lien upon the moneys of his client which came into his possession to insure the payment of his reasonable charges for his professional ser-

vices. Assuming that he has at the common law such a lien, it would attach only to the interest of his client in such a fund and then only when he, the defendant, became possessed of the fund. If the lien had already been imposed upon the fund before it came into the defendant's possession as attorney, surely any lien thereon which the attorney could assert to recover fees due him from his client, would attach only to the property interest of his client in such fund. Moreover, the statute under which the plaintiff claims its lien specifically provides that such hospital shall have a lien upon any and all rights of action * * * or demands of any person admitted to any such hospital and receiving treatment, care and maintenance therein on account of any personal injuries received in any accident as the result of the injuries of any other person. The legislative intent in the enactment of this statute seems apparent. It was intended that the hospital lien should attach to the right of action and demand of the injured person. The plaintiff's lien upon the claim and demand of Augustino for damages and upon the proceeds of settlement in the circumstances of this case was prior to any lien that may be claimed upon such proceeds by the defendant. The lien, if any, of the defendant, being subsequent in time and taken with full notice of the lien of the plaintiff, must, in the circumstances of this case, be regarded as subject to it. Of course, ordinarily by reason of the provisions of the third section of this statute of 1930, the insurance carrier would have safeguarded its own interests by requiring payment of the indebtedness due the plaintiff at the time of the consummation of the settlement and thus, in such cases, the defendant would ordinarily receive in behalf of his client the balance of the proceeds to which his client is solely entitled.

I have disregarded many points manifestly suggested by the apparent circumstances of this case but which are untouched and unexplained by any of the papers submitted, such as the continued liability of Frederick O. Stillman for a period of one year after the consummation of the settlement for the payment of the hospital expenses and other procedural

questions, because of the understanding with which this case is submitted to me for decision.

In conformity, therefore, with the terms of the stipulation, I conclude that the defendant, as attorney, came into possession of the fund of $3,000, constituting the proceeds of the settlement, subject to the lien of the plaintiff, and that in the circumstances, such part of the proceeds of this settlement retained by the defendant, continues to be subject *pro tanto* to the plaintiff's lien and that the plaintiff's lien upon such proceeds of settlement is prior and superior to the lien, if any, thereon of the defendant. It is my understanding that under the terms of the stipulation, the plaintiff is entitled by virtue of this conclusion to the entry of a judgment against the defendant in the sum of $419.50, together with interest thereon from October 16th, 1931. It seems to me no costs should be exacted of the defendant.